ALBERT K. TEELE, trustee, & others *vs.* CITY OF BOSTON.

Suffolk.　November 14, 1895. — January 2, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Land Damages — Public Park — Evidence — Instructions.*

Upon the trial of a petition for the assessment of damages for the taking of land for a public purpose, where, without objection, both sides have called witnesses to testify to their opinion of the value of the land taken, and also have introduced evidence of the sales of other lots of land in the vicinity, a new trial should not be granted because of the admission or exclusion of other similar evidence, unless for plain error.

Upon the trial of a petition for the assessment of damages for the taking of land for a public purpose, consisting of sixteen acres of undeveloped land fronting for only a short distance on a street, exceptions were overruled to the exclusion of evidence offered by the petitioner of a sale, made over three years before such taking, of a lot of land containing less than one acre and one third, distant about a quarter of a mile from the land taken, and situated on a different street, near a river, and bordering on a railroad; also of a sale of a house lot containing less than one fifth of an acre on a street about four years before the taking; also of sales of three house lots still smaller situated about a quarter of a mile away on a street into which city water had been introduced, nearer to a river, the village, and the railroad station, and across the railroad; also of the cost of a small house lot four years before the taking, evidence deemed by the judge to be better having been received from the same witness; also of the opinion of the value of the land taken of a witness whose dealings in land had been limited to a few small lots which, in the opinion of the judge, were differently situated; also of the opinion of another witness who only knew of three sales before the taking and two afterwards, all being of small house lots; and exceptions were also overruled to the admission of the opinion of the value of land taken of a witness who testified that he was a clerk in a real estate office, and had in his hands for sale almost every estate in that vicinity which was for sale, having exclusive control of that district, that he was always acquainted with the land in question, and passed over it on the average three times a week, and that he kept thoroughly acquainted with the sales in that locality; also to his statement that in the year of the taking there was very little demand for large estates in and about that locality; and also to the admission of evidence offered by the respondent of the cost one year after the taking of eight and a quarter acres of undeveloped land from a quarter to half a mile away, adapted to similar uses, and with a greater extent of front upon the street.

Upon the trial of a petition for the assessment of damages for the taking of land for a public purpose, the admission or exclusion of evidence of the sales of other lots, and of the opinions of witnesses as to the value of the land taken, may depend in part in any particular case upon the existence of other and better evidence of the same kind, which has been or may be produced at the trial.

It is sufficient to instruct the jury, at the trial of a petition for an assessment of

damages for taking land for a public park, that the petitioner is entitled to the full value of the land at the time of the taking, and that, in estimating this value, they are to consider the capabilities of the land and all the uses and purposes to which it was then adapted or might be applied; and the judge is not required to instruct them that among such uses and purposes they are to consider "whatever value the land had in its then condition for the purposes of a public park."

PETITION to the Superior Court, for a jury to assess damages for the taking, on June 26, 1891, of land in that part of Boston called Dorchester for a public park, by the Park Commissioners of the city of Boston, under St. 1875, c. 185. At the trial, before *Richardson,* J., the jury returned a verdict for the petitioners; and they alleged exceptions, which appear in the opinion.

*B. W. Harris & H. E. Ware,* for the petitioners.

*F. E. Hurd,* for the respondent.

ALLEN, J. The petitioners' exceptions mostly relate to the exclusion or admission of testimony offered for the purpose of affecting the estimate of damages. The land taken amounted to about sixteen acres, fronting on a street for about four hundred feet. Its character was described to the jury by expert witnesses called by the petitioners, and its special adaptation to be used as a park was explained. The jury also took a view, and both parties put in evidence of sales of other land in the vicinity, and also called witnesses to testify to the value of the land in question. It is reasonably to be inferred that the strongest evidence of these kinds which each party had to offer was laid before the jury, and the rejection of other and weaker evidence is comparatively unimportant. And where there has been such evidence on both sides, a new trial should not be granted because of the admission or exclusion of other similar evidence, unless for plain error. The exceptions now before us upon questions of evidence, relate to sales of other lots of land, and to the competency of certain witnesses to give their opinions as to the value of the land taken. The admission or exclusion of such evidence has often been held to rest largely in the discretion of the presiding justice, and this may depend in part in any particular case upon the existence of other and better evidence of the same kind, which has been or may be produced at the trial. *Tucker* v. *Massachusetts Central Rail-*

*road,* 118 Mass. 546. *Phillips* v. *Marblehead,* 148 Mass. 326, 328. *Amory* v. *Melrose,* 162 Mass. 556.

1. Taking now in detail the exceptions which are relied on, the evidence of the sale of a lot by Cavanagh was excluded because the sale was made too long before, and the lot was too far away and too unlike the land of the petitioners in condition, situation, and circumstances to afford any aid. The time was three years and three months before the taking of the petitioners' land. The distance was about a quarter of a mile. The lot contained less than one acre and one third. The lot was on a different street, was near the river, and bordered on a railroad. Its shape is not stated. We cannot say that there was error in excluding the testimony.

2. The petitioners except to the exclusion of Cavanagh's opinion as to the value of their land. His dealings in land were limited to a few small lots, which in the opinion of the presiding justice were differently situated. The court was willing to admit his testimony, if there was none better, but excluded it on the ground that the petitioners had better evidence. It would seem from a remark by him which is reported that their preceding witness, Faunce, had testified as a competent expert. We see no error in the exclusion of Cavanagh's opinion.

3. Archer's purchase, which was excluded, was of a house lot, containing 8,400 feet, on a street, about four years before. The mere difference in the size of the lot is not decisive against the competency of the evidence; *Sawyer* v. *Boston,* 144 Mass. 470; but it may be considered. An occasional sale of a small house lot containing less than one fifth of an acre is not a very decisive indication of the value of a large lot of sixteen acres, with but a small extent of front line upon the street. When cut up into small lots, it might take long to dispose of them all. We cannot say that there was error in excluding this testimony.

4. The three house lots sold by Stack were still smaller, and were situated about a quarter of a mile away, on a street into which city water had been introduced, nearer to the river, the village, and the railroad station, and across the railroad. We see no error in excluding these sales. This witness may have

been a competent expert to give his opinion as to value. No question is presented as to this.

5. The witness Brooks was allowed to testify to the cost of one lot bought by him in 1888, and of another lot bought in 1892; also of a lot bought by one Barker in 1890; but he was not allowed to testify to the cost of a house lot containing 8,500 feet in 1887, four years before the taking of the petitioners' land. This exclusion was within the discretion of the court, evidence which was deemed to be better having been received from the same witness.

6. The opinion of Brooks as to the value of the petitioners' land was sought to be introduced, not on the ground that he was a general expert as to the value of lands, but that he had knowledge of particular sales which would enable him to form an intelligent opinion. So far as appears, he only knew of three sales, all of small house lots, before the taking, and two afterwards, one being as late as 1894. He was allowed to give the cost of three of these. The exclusion of his opinion furnishes no ground for a new trial.

7. The testimony of Whall, called by the respondent as to his knowledge of dealings of real estate in Dorchester, warranted the court in finding that he was qualified to express an opinion as to the value of the land, and also to state that there was in 1891 very little demand for large estates in and about that locality. He was, as he testified, a clerk in a real estate office, and had in his own hands for sale almost every estate in that vicinity which was for sale; that he was always acquainted with the land in question, and passed over it on the average three times a week; and that he kept thoroughly acquainted with the sales in that locality. The mere fact that he was not in business for himself is not decisive against his competency. He testified that he had exclusive control of that district.

8. The land bought by McGovern, called as a witness by the respondent, in 1892, had such resemblance in its general description to the land of the petitioners as to lead the court to admit evidence of its cost. The size was eight and a quarter acres, the extent of front on a street was greater in proportion, the uses to which it was adapted seem to have been similar, and

the distance away was from a quarter to half a mile. It was undeveloped land, like the petitioners', and was afterwards cut up into house lots, streets had been built, and it was upon the market. The condition, size, and circumstances were such that evidence of its cost might, in the discretion of the court, be received.

9. The remaining exception is to the refusal to give the whole of the instructions to the jury as requested. The court instructed them that the petitioners were entitled to the full value of the land at the time of the taking, and that in estimating this value the jury were to take into consideration the capabilities of the land, and all the uses and purposes to which it was then adapted or might be applied; and refused to add that among such uses and purposes they were to consider "whatever value the land had in its then condition for the purposes of a public park," etc. There was no error in this refusal. Any increase of value occasioned merely by this particular improvement or act of establishing and laying out a public park · could not properly be included in the petitioners' damages. *Dorgan* v. *Boston*, 12 Allen, 223, 231. *May* v. *Boston*, 158 Mass. 21, 29, 30. Its general adaptability for such a purpose, or for any other lawful use to which it might be applied, might be shown in evidence, as was done in this case, without objection, and might be urged in argument to the jury and considered by them. But it does not follow that the judge in charging the jury is bound to enumerate all or any of the special purposes to which it may be applied. The measure of damages is the fair market value of the land at the time it was taken, and not its value for any special purpose, as for a public park, or a summer hotel or place of resort, or for a storage basin. This was adjudged in *Moulton* v. *Newburyport Water Co.* 137 Mass. 163. See also *Providence & Worcester Railroad* v. *Worcester*, 155 Mass. 35, 39, 42. The exception taken by the petitioners does not involve any rule of law as to the measure of damages, or the elements proper to be considered in assessing the damages. It presents merely a question of detail as to the form of the charge. It was sufficient to instruct the jury that they were to consider the capabilities of the land, and all the uses and purposes to which it was then adapted or

might be applied. It was not necessary to dwell upon or to mention any special uses; nor can a party, by a formal request, impose on the court the duty of recapitulating such special uses in the instructions to the jury. *Hicks* v. *New York, New Haven. & Hartford Railroad,* 164 Mass. 424, and cases there cited.

*Exceptions overruled.*