MYRA SARGENT, executrix, *vs.* INHABITANTS OF MERRIMAC.

Essex.    March 25, 1907. — June 20, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Damages*, For property taken or injured under statutory authority.    *Water Supply.*
   *Evidence*, Collateral issues.    *Practice, Civil*, Conduct of trial.    *Words*, "Mar-
   ket value."

The "market value" of a parcel of land which its owner is entitled to recover from
   a town which has taken it for a water supply means the value of the land for
   the purposes of sale.

Whether evidence which is relevant to the issue being tried should be excluded
   because it involves the trial of collateral issues which may confuse the minds
   of the jury and unduly protract the trial is to be left largely to the discretion
   of the presiding judge, whose decision will not be reversed unless plainly
   wrong.

At the trial of a petition for the assessment of damages against a town for the
   taking under statutory authority of land of the petitioner for a water supply,
   where the market value of the land at the time of the taking already has been
   shown by the testimony of other witnesses, the presiding judge in his discretion
   properly may exclude the testimony of experts offered by the petitioner to show
   the value of the land for the special purpose of a water supply.

At the trial of a petition for the assessment of damages against a town for the
   taking under statutory authority of land of the petitioner for a water supply,
   the presiding judge in his discretion properly may exclude testimony of experts
   offered by the petitioner to show by what municipalities or communities the
   water in the petitioner's land could be used for a water supply.

At the trial of a petition for the assessment of damages against a town for the
   taking under statutory authority of land of the petitioner for a water supply,
   where the judge properly has told the jury that the town got no absolute right
   to percolating water and that if a neighbor cut off such water by wells on his
   own land the respondent would lose nothing to which it had a right, if the pe-
   titioner wishes to have this instruction supplemented by the addition of the
   phrase that until so cut off the jury could consider the water which the owner-
   ship of the land would give the respondent, he must ask the judge to qualify
   his ruling in this manner, and, in the absence of such a request, he cannot
   complain, on the argument of an exception to this part of the charge, that the
   qualification was not made.

At the trial of a petition for the assessment of damages against a town for the
   taking under statutory authority of land of the petitioner for a water supply,
   the presiding judge gave to the jury the following instruction : " I said that
   you could consider the evidence of the uses to which this property was adapted,
   all the uses.  Upon that, in connection with those uses, you can take into ac-
   count the fact that there was or was not, as you find it to be from the evidence,
   a supply of water upon the premises.  If that would give an added value to the
   property in the mind of any purchaser in the open market and in the mind of

any seller in the open market you could take that into account but you could not use it to mark up a price beyond the fair market value of the property, you could not give to the [petitioner] the value of the land, for instance, to the [respondent] as a water supply. That you are not to do. If the fact that it was adapted to use as a water supply, if you find that to be a fact, would have affected the mind of anybody in dealing with the property, that you can take into account, but that is the extent to which you can go, and you may think that that, practically, as the land was situated did not affect its value at all. On the other hand, you may think that it added to or decreased its value." *Held,* that this instruction was correct.

At the trial of a petition for the assessment of damages against a town for the taking under statutory authority of land of the petitioner for a water supply, the presiding judge gave to the jury the following instruction : " The petitioner is not entitled to swell the damages beyond the fair market value of the land by any consideration of the chance or probability that the petitioner might ac- quire authority by legislation to carry the water in pipes for the purpose of supplying the [respondent] or any other town. You cannot go beyond the fair market value of the property at the time that it was taken." *Held,* that this instruction was correct.

At the trial of a petition for the assessment of damages against a town for the taking under statutory authority of land of the petitioner for a water supply, the petitioner is entitled to recover the fair market value of the land at the time of the taking but not its fair market value to the respondent.

LORING, J. This is a petition under St. 1903, c. 281, § 4, to obtain compensation for the taking of a lot of land by the respondent for a water supply. The lot in question contained good water adapted in quantity and quality for the supply of the town. There was evidence that the water in question was the only ground water in the neighborhood fit for the needs of the respondent, but that there was a lake or pond of water near by which would be fit in respect of quantity and quality if treated by filtration. The case is here on exceptions taken by the petitioner.

1. The first set of exceptions are those taken to the exclusion of the testimony of two experts called by the plaintiff, Duff and Allen by name. Since the questions which the presiding judge refused to let Allen answer include the one question asked Duff, we shall consider those questions and those only.

Allen was a civil engineer by profession and had had a large experience as an engineer in the construction of water works for municipalities and water companies. He also had had a large experience in the cost of developing systems of obtaining and producing water supplies, and had testified as an expert in a number of cases involving the value of water works and the

value of water delivered as a commodity by a water company, and knew of sales made of water works in New England, the United States and in England.

Allen further testified that in one case he had " testified to the value of the water in bulk," and " as to the value of the land " in a case before commissioners for land taken in Brookline, on the shores of Charles River, in which driven wells were placed by the town, although he did not know anything of the value of the land other than as a source of water supply.

In respect to the land here in question he knew the sources of water supply in Merrimac and the neighboring towns and knew the kind of water furnished by the land in question and the amount of it; and from his knowledge he testified that the owner of this lot of land " was almost sure to find a market for it for water supply purposes." There was no suggestion that he knew anything of the value of land in the neighborhood of the locus.

The presiding judge * on objection being made by the respondent, refused to allow Allen to testify (1) what the value of the land here in question was for a water supply at the time of the taking; or (2) what the value of this land was for all the uses to which in the judgment of the witness it was adapted; (3) what the value of the water in this land was, situated as it was at the time of the taking; (4) by what municipalities or communities could the water in this lot of land be used; (5) what was the fair value of the land and water because of its special adaptation as a source of water supply to the communities for which it has a special adaptability; (6) what was the value of the locus having regard to its special value and adaptability to filter and store water; and (7) assuming that there is in Merrimac no other source of water supply sufficient for the needs of the town unless the water is treated, what . . . would be the value of this piece of land and the water in it as a source of water supply to the town, — the value to the town, — over and above the other source of supply by filtration and treatment.

What the petitioner was entitled to recover was the fair market value of the land of her testator as it was at the time of the taking. Market value in this connection does not mean the

* *Wait*, J.

ɔ

same thing that market value means when the market value of flour or other things dealt in daily in the market is spoken of. A lot of land cannot have a market value in that sense of the word. What is meant by the market value of land is the value of the land in the market, that is to say, for the purposes of sale.

The market value to which the petitioner was entitled was made up of the value in the market of the land apart from its special adaptability for water supply purposes, plus such sum as a purchaser would have added to that value because of the chance that the land in question might be some day used as a water supply. *Moulton* v. *Newburyport Water Co.* 137 Mass. 163.

The underlying contention of the petitioner is that it is idle for the presiding judge to tell the jury that she is entitled to this added value because of the chance that her land may be used as a water supply, so long as the court refuses to allow her to show what additional sum a purchaser would pay by reason of that special adaptability; and that you do refuse to allow her to show that when you refuse to allow her to show the value of the land for the special purpose.

Without question this evidence would have thrown light on the issue on trial. The objection to it was not that it was not relevant but that it would or might involve the trial of collateral issues and for that reason was incompetent. That is to say, if this evidence was admitted the court would or might find itself necessarily involved in the trial of collateral issues which would confuse the minds of the jury and unduly protract the trial.

Whether relevant evidence is or is not to be held incompetent on this ground depends upon the view taken of it by the presiding judge (*Yore* v. *Newton,* 194 Mass. 250), and is a matter which must be left largely to his discretion, although his decision is not necessarily final. See for example *Bemis* v. *Temple,* 162 Mass. 342.

The petitioner relies principally upon the cases of *Cochrane* v. *Commonwealth,* 175 Mass. 299, and *Conness* v. *Commonwealth,* 184 Mass. 541, where the opinion of an expert as to the value of mill sites was admitted upon the trial of petitions to recover compensation for land taken, in the first case for a sewer, and in the second case for a park, although the land was not then used

for a mill.  In *Cochrane* v. *Commonwealth*, 175 Mass. 299, 303, this court said that " the usual rule should be departed from and testimony of this kind admitted only when without it it is impossible to prove the value of the property in question."

In the bill of exceptions in the case at bar it is stated that: " Testimony was introduced on both sides of the market value of the land, most, if not all, of the witnesses for the plaintiff, other than Duff and Allen, . . . who were the only experts to the value of water or sources of water supply, stating that they did not consider its value on account of water or as a source of water supply."  This means and necessarily must mean that some of the witnesses for the petitioner, who knew the value of land in the vicinity, did or may have testified to the value of the land on account of water or as a source of water supply.  The burden is on the excepting party to show error.  The result is that the petitioner has not shown that the case at bar was a case where it was impossible to prove the value of the property in question without dispensing with the usual rule, and she has not brought herself within *Cochrane* v. *Commonwealth.*

But the rule acted upon in *Cochrane* v. *Commonwealth* and *Conness* v. *Commonwealth* is that in such a case the court will not reverse the decision of the presiding judge in a matter within his discretion.  In view of the decision in *Bemis* v. *Temple*, 162 Mass. 342, the qualification should be added that the decision of the presiding judge will not be reversed unless plainly wrong.

But although this is and properly is the rule, it would be unfortunate if the discretion were not exercised in the same way under the same circumstances.  And it is not to be overlooked that this court said in *Conness* v. *Commonwealth*, 184 Mass. 541, 544, that in the opinion of the court " it would have been a better exercise of judicial discretion if the testimony . . . had been excluded."  And similar evidence was excluded in a case of a similar petition in *Lakeside Manuf. Co.* v. *Worcester*, 186 Mass. 552.

To admit the testimony excluded in the case at bar the presiding judge would have had to go one step farther than the court went in *Cochrane* v. *Commonwealth* and *Conness* v. *Commonwealth.*  In the case at bar the special value of the land which was sought to be proved was its value for the purpose for which

the land had been taken by the respondent.   For that reason the jury had to be instructed that the market value to which the petitioner was entitled was not to be increased by the fact that it had been taken for the specific purpose in question. *Moulton* v. *Newburyport Water Co.* 137 Mass. 163.   To the same effect see *Benton* v. *Brookline,* 151 Mass. 250; *May* v. *Boston,* 158 Mass. 21; *Bowditch* v. *Boston,* 164 Mass. 107; *Mowry* v. *Boston,* 173 Mass. 425.

In our opinion it is likely that the minds of the jury would have been distracted if the presiding judge had admitted evidence of the value of the land taken for the special purpose for which it had been taken, and at the same time had told them as he was bound to tell them, that nothing was to be added to the value of the land to which the petitioner was entitled by the fact that it had been taken for that purpose.

In our opinion the exception to the exclusion of this testimony cannot be sustained.

The petitioner has made a separate contention as to the question " By what municipalities or communities could this water that is there be used for a water supply ? "  This was excluded "on the ground that it involved the co-ordinate action of the Legislature."   Since it was the duty of the presiding judge to see to it that the jury should not give to the land of the petitioner an added value because of the act which enabled the defendant town to distribute this water by pipes in the streets, the question as it was put was rightly excluded.

2. This brings us to the exceptions taken to the charge to the jury.

The exception taken by the petitioner was " to all of the instructions requested by Mr. Jones [counsel for the defendant] as far as they have been given."

None of the instructions asked for by the defendant, with the exception of the second and third, were given in terms.

The petitioner's counsel in his brief and argument has addressed himself to the instructions asked for, which were not given in terms, without pointing out what there is in the charge which adopted those asked for and to which her exceptions were pointed.

It is possible from the way in which the exception was taken

and the argument has been conducted that we may not have fully understood the position of the counsel of the petitioner.

In the absence of a request to that effect in behalf of the petitioner, there was no occasion for the presiding judge to qualify the instruction (which it is now admitted was correct) as to the rights of the town in percolating water as owner of the lot in question. The judge told the jury that the town got no absolute right to percolating water, but that if a neighbor cut off such water by wells on his own land the respondent had not lost anything to which it had a right. The petitioner now complains that the judge should have added that until so cut off the jury could consider the water which the ownership of the locus would give the respondent.

The seventh instruction asked for by the respondent (which must be read with the sixth to be intelligible) * was not given by the judge.

---

* The instructions asked for by the respondent here referred to and those following them were as follows:

" 6. If the fair market value of the land before and at the time of the taking had been increased by the chance or probability that the town of Merrimac would need or require the land for the purpose of a public water supply, then the petitioner is not entitled to recover that market value.

" 7. But in the case last supposed the petitioner would be entitled to recover only the fair market value of the land for all purposes other than that of supplying said town with water.

" 8. If the fair market value of the land before and at the time of the taking had been increased by the chance or probability that the town of Merrimac or some other town would need or require the land for the purpose of a public water supply, then the petitioner is not entitled to recover that market value.

" 9. But in the case last supposed the petitioner would be entitled to recover only the fair market value of the land for all purposes other than that of supplying any such town with water.

" 10. The petitioner is not entitled to recover the fair market value of the land for the purpose of supplying Merrimac or any other town with water.

" 11. The petitioner is not entitled to recover the value of the land to the respondent.

" 12. The petitioner is not entitled to swell the damages beyond the actual fair market value of the land by any consideration of the chance or probability that the petitioners might have acquired authority by legislation to carry the water in pipes for the purpose of supplying the town of Merrimac or any other town."

The charge of the judge in that connection was as follows: " I said that you could consider the evidence of the uses to which this property was adapted, all the uses.    Upon that, in connection with those uses, you can take into account in the Sargent case the fact that there was or was not, as you find it to be from the evidence, a supply of water upon the premises.    If that would give an added value to the property in the mind of any purchaser in the open market and in the mind of any seller in the open market you could take that into account but you could not use it to mark up a price beyond the fair market value of the property, you could not give to the Sargents in their case the value of the land, for instance, to the town of Merrimac as a water supply.    That you are not to do.    If the fact that it was adapted to use as a water supply, if you find that to be a fact, would have affected the mind of anybody in dealing with the property, that you can take into account, but that is the extent to which you can go, and you may think that that, practically, as the land was situated did not affect its value at all.    On the other hand, you may think that it added to or decreased its value."    That is correct.

The eighth request was not given.    To the portion of the charge already quoted the judge added with respect to the matters covered by the defendant's eighth request: " The petitioner is not entitled, as I have just said, to swell the damages beyond the fair market value of the land by any consideration of the chance or probability that the petitioners might acquire authority by legislation to carry the water in pipes for the purpose of supplying the town of Merrimac or any other town.    You cannot go beyond the fair market value of the property at the time it was taken."    That is correct.

The respondent's eleventh request, to wit, " The petitioner is not entitled to recover the fair market value of the land to the respondent," was correct.    *Moulton* v. *Newburyport Water Co.* 137 Mass. 163.

*Exceptions overruled.*

. *H. I. Bartlett*, for the petitioner.
*B. B. Jones*, ( *T. H. Hoyt* with him,) for the respondent.