JAMES H. EDWARDS *vs.* BANCROFT G. DAVIS, administrator.

Suffolk.     December 10, 1907. — May 18, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Evidence,* Relevancy, Collateral issues.     *Practice, Civil,* Conduct of trial.     *Will.*

*It may be doubted* whether a will by which a certain building is devised to a certain person, to whom all the residue of the estate of the testator also is devised and bequeathed, is any evidence that the testator agreed to devise the building to that person.

Where a document, offered in evidence, is of little or no value upon the only issue in the case to which it is relevant, and the admission of the document would raise collateral issues as to its validity which would submerge the proper issues of the case on trial, it is the duty of the presiding judge to exclude it.

CONTRACT against the administrator of the estate of William Edwards, late of Boston, upon an account annexed for a balance alleged to be due for board and care of the defendant's intestate as stated in the opinion.     Writ dated June 30, 1906.

At the trial in the Superior Court before *Pierce*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions to the exclusion of a document purporting to be the will of William Edwards as described in the opinion.

*J. S. Patton,* for the plaintiff, submitted a brief.

*B. G. Davis, pro se.*

LORING, J.     This is an action brought by a son against the administrator of his father's estate to recover the reasonable value of the board and care of his father for the last six years or a little more of his (the father's) life, over and above what he (the plaintiff) had received therefor.

The plaintiff introduced evidence: That in the summer and

fall of 1898 the father, then seventy-eight years of age, asked the plaintiff to board and care for him during the rest of his life, and agreed in consideration therefor to pay him $10 a month, to give him the rent of the two rooms previously occupied by the father in a tenement owned by the father, and on his death to devise to the plaintiff by will the whole tenement; and that in pursuance of this contract the plaintiff boarded and cared for the father until he died in October, 1904.

The father's property at his death consisted of this tenement worth $4,000, and about $3,000 in savings banks, less debts amounting to about $1,000. He left two children, the plaintiff and his sister Mrs. Lemaire.

The Probate Court allowed as the will of the father an instrument dated November 29, 1898, by which the tenement was devised to the plaintiff; $1,300 was bequeathed to Mrs. Lemaire, three pecuniary legacies amounting to $400 were made to grandchildren, and the residue was given to the plaintiff.

From the decree allowing the will Mrs. Lemaire took an appeal on the ground that the father was not of sound mind and that the will was procured by the undue influence of the plaintiff and his wife. After a hearing on this appeal was begun, a decree was entered in the Supreme Judicial Court, by consent, disallowing the will.

From the charge of the presiding justice in the case at bar it would seem that the plaintiff then demanded damages from the administrator for breach of the contract in not devising the tenement to him, and the administrator set up that the contract was not in writing, as required by R. L. c. 74, § 6.

Thereupon this action was brought under the rule applied in *Kelley* v. *Thompson,* 181 Mass. 122, and in *De Montague* v. *Bacharach,* 187 Mass. 128, to recover the reasonable value of the board and care over and above what had been received by the plaintiff through the payment of $10 a month and the rent of the two rooms.

At the trial of this action the plaintiff offered in evidence the will and it was excluded. In excluding it the presiding judge " stated that whatever the reasons for the decree it [he] must stand by the decree."

The plaintiff's contention in support of an exception taken by

him to this ruling is that the will was evidence that the contract relied on by him was made.

In support of that contention he relies on two cases in Pennsylvania: *Smith* v. *Tuit,* 127 Penn. St. 341, and *Shroyer* v. *Smith,* 204 Penn. St. 310. Both cases have some points in which they resemble the case at bar but neither one of them is like it.

In the first case, (*Smith* v. *Tuit,* 127 Penn. St. 341,) the contract provided that the person who stood in the position of the plaintiff in the case at bar was to enter on the land forthwith and support the testatrix on it. The will recited the contract and the will was offered in evidence during the life of the testatrix to defeat a subsequent deed by her. The evidence on which the will was admitted was that " under this paper and in pursuance of it " the person who stood in the position of the plaintiff in the case at bar had entered into possession. The court held that this evidence, if believed, proved that the paper was a contract as well as a proposed will, and that it was admissible on that ground. In the second case, (*Shroyer* v. *Smith,* 204 Penn. St. 310,) the evidence by reason of which the will was admitted was that the testator under whose deed the plaintiff claimed title made a declaration in his lifetime that " in compliance with the contract he had made a will and devised the farm to the defendant."

It is apparent that neither of these cases reaches the case at bar. And it may be doubted whether a will by which the tenement in question is devised to the plaintiff is any evidence that a contract was made to devise the tenement, especially when not only the tenement in question but all the residue of the estate is devised and bequeathed to the plaintiff.

But however that may be, it is apparent that the issues on trial in the action now before us would have been altogether submerged if the issues necessarily raised by the admission in evidence of this will had been allowed to be introduced into the trial. To permit this will to be put in evidence necessarily raised the question of the soundness of mind of the father and the fact of its having been or not having been procured by the undue influence of the son; — in short, the allowance in evidence of this will would by necessity have brought into the trial of the action now in question all the issues involved in a petition to probate

the will. When to this we add (and this must be added) that the will, if found by the jury to be in fact and in law the will of the father, is of little or no value as evidence on the point on which alone it is relevant (if it is relevant on that point), namely, the existence of the contract relied on by the plaintiff, we have a case where it was the duty of the presiding judge to exclude the will altogether under the rule lately acted on in *Yore* v. *Newton*, 194 Mass. 250, and *Sargent* v. *Merrimac*, 196 Mass. 171.

It is not altogether clear that this is not what the presiding judge had in mind in stating that he " must stand by the decree." But even if it were not, the case is so plainly a case where the evidence in question ought to be excluded on this ground, that the exceptions must be overruled.

*So ordered.*