## CITY OF WOBURN v. ADAMS.

(Circuit Court of Appeals, First Circuit. May 18, 1911.)

No. 916.

Evidence (§ 543*)—Land Taken—Value—Opinions.

Where the value of land condemned for public use could not be determined by comparison between it and other properties in the market, because of its peculiar underground water resources, and its peculiar situation with reference to communities which might require a water supply, opinions of experts, not based on actual knowledge of market values, but on the situation and the resources of the property, as to what such property would probably command in the market, if its peculiar situation and intrinsic qualities and properties were fully understood, was admissible, in the discretion of the court.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2357; Dec. Dig. § 543.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Condemnation proceedings by the City of Woburn against Edward E. B. Adams. From a judgment awarding defendant $19,000 for the land taken, the City brings error. Affirmed.

See, also, 174 Fed. 192.

Robert O. Harris and John P. Feeney (Dennis L. Sullivan, on the brief), for plaintiff in error.

Nathan Mathews and John T. Wheelwright, for defendant in error.

Before COLT, Circuit Judge, and ALDRICH and BROWN, District Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ALDRICH, District Judge. This case relates to a taking of land by the city of Woburn under a Massachusetts statute and through the exercise of the right of eminent domain for the purpose of extending and enlarging its water' supply, and the question with which we are concerned arises under a petition by the landowner for an assessment of damages.

The case was heard by Judge Lowell without a jury, who found that the fair value of the petitioner's premises taken by the respondent and the sum which the petitioner should recover was $19,000, and the exceptions which we are to consider have reference, of course, to a trial by the court rather than to one by jury.

By way of an explanation of the proceeding before the Circuit Court, the learned judge observed that the suit concerned the sum which the city must pay to the petitioner for the property in question, and we understand that such was the principal, if not the sole, question involved in that proceeding. The record, as explained by the opinion of the trial judge, indicates that the findings were based, not upon the value of the land to the city of Woburn, but upon the fair market value of the land in view of its situation, its water resources, and its proximity to Woburn and other large communities. It was admitted that, by reason of its peculiar underground water resources and its peculiar situation with reference to communities which might require a water supply, its fair market value could not be ascertained through a comparison between it and other properties in the market. This was so, as we assume, for the reason that there was no possibility of actual comparison.

Under such circumstances, in order to arrive at just compensation, it results that the question of value must be ascertained, not from testimony by those who know the value of such a piece of property in the market, because there is none there with which it can be compared, but by ascertaining upon some other kind of evidence as nearly as may be the probable market value of a tract of land with a peculiar and exceptional situation.

The right of taking under such a power and for public purposes, while a necessary right, and one which must be upheld in the interest of public good, is an arbitrary one in the hands of the public, to be exercised or not as it sees fit, and one to which the landowner must submit whether he wishes to surrender his property or not. This being so, the rules which govern attempts at just compensation are not as strict and technical as those which apply to the ordinary legal proceedings.

There were numerous assignments of error, but the only one on which particular reliance was placed at the arguments, and the only one which we feel called upon to consider, in view of the lines on which the Circuit Court ascertained the damages, is the one which directs itself against evidence received in the nature of opinions from experts who did not base their estimates upon actual knowledge of market values, but upon the situation and the resources of the property, and upon an opinion as to what such property would probably

command in the market if its peculiar situation and its intrinsic qualities and properties were fully understood and known.

In Conness v. Commonwealth, 184 Mass. 541, 69 N. E. 341, it was said that:

"Ignorance of the market price of land in the vicinity leaves the testimony of mechanical engineers and mill managers of little worth as to market values."

Inferentially, at least, this observation admits of the proposition that it may be of some value as evidence. It is true that the Massachusetts court characterized such evidence as generally objectionable, and said that it would have been a better exercise of judicial discretion if the testimony had been excluded. It is significant, however, for the purposes of this case, that the verdict was allowed to stand, because the evidence was admitted in the discretion of the presiding judge.

In Sargent v. Merrimac, 196 Mass. 171, 81 N. E. 970, 11 L. R. A. (N. S.) 996, 124 Am. St. Rep. 528, opinion evidence of the character of that in question here was excluded, and the point was raised for review by the Supreme Judicial Court. In that case it was said:

"Without question this evidence would have thrown light on the issue on trial. The objection to it was not that it was not relevant, but that it would or might involve the trial of collateral issues and for that reason was incompetent. That is to say, if this evidence was admitted, the court would or might find itself necessarily involved in the trial of collateral issues which would confuse the minds of the jury and unduly protract the trial.

"Whether relevant evidence is or is not to be held incompetent on this ground depends upon the view taken of it by the presiding judge (Yore v. Newton, 194 Mass. 250 [80 N. E. 472]), and is a matter which must be left largely to his discretion, although his decision is not necessarily final. See, for example, Bemis v. Temple, 162 Mass. 342 [38 N. E. 970, 26 L. R. A. 254]."

It will be seen in the same case that that court, in commenting upon Cochrane v. Commonwealth, 175 Mass. 299, 56 N. E. 610, 78 Am. St. Rep. 491, and Conness v. Commonwealth, 184 Mass. 541, 69 N. E. 341, said:

"But the rule acted upon in Cochrane v. Commonwealth and Conness v. Commonwealth is that in such a case the court will not reverse the decision of the presiding judge in a matter within his discretion. In view of the decision in Bemis v. Temple, 162 Mass. 342 [38 N. E. 970, 26 L. R. A. 254], the qualification should be added that the decision of the presiding judge will not be reversed unless plainly wrong."

We think it reasonable to say of these cases that they not only recognize the competency of such evidence, but that such evidence may throw light upon questions of value under circumstances like those existing in this case, and that the question of its admission or rejection is largely one of discretion, and, discretion being exercised, that it will not be reversed, unless plainly wrong.

It is further contended that the witnesses who gave opinions in the case at bar as to value were not qualified to do it; but we think, on the whole, that the evidence tends to show that they were able to judge of the value of the property in question somewhat better than persons generally. Conness v. Commonwealth, 184 Mass. 541, 544, 69 N. E. 341.

In a situation like the one in question, the right to take is absolute, and it is imperative upon the landowner to surrender his property in the interests of the public good, and unless some° way can be devised for ascertaining reasonable compensation—a compensation which the Massachusetts Constitution declares—justice to the landowner fails and confiscation follows, destitute of the element of right which the Constitution contemplates and declares. It is because of the absolute right to take, and the bounden duty to surrender, under peculiar situations and possible conditions of no present known market value, that rules of evidence are somewhat relaxed, and that ascertainments of reasonable value are made upon the best evidence of which the case is susceptible. The Massachusetts cases recognizing the idea that evidence of the character in question is of some, though generally of little, value, and of a character to be admitted, or not, in the discretion of the presiding judge charged with the responsibility of finding reasonable value, we think we would not be warranted in disturbing the judgment upon the ground of wrongful exercise of discretion.

If no sufficiently fair rules of evidence could be devised for ascertaining the "reasonable compensation" required by the Constitution, the public would either do without the land, or the landowner without compensation.

The judgment of the Circuit Court is affirmed, with costs.