## HAGGARD et al. v. OKLAHOMA CITY.

No. 33703.   May 9, 1950.

*218 P. 2d 366.*

Halley, Douglass & Felix, of Oklahoma City, for plaintiffs in error.

A. L. Jeffrey, Municipal Counselor, and Arthur Leach, Asst. Municipal Counselor, both of Oklahoma City, for defendant in error.

GIBSON, J.  This is an appeal taken by J. Earl Haggard and LaVanche Haggard, hereinafter referred to as appellants, from a judgment of the district court of Oklahoma county in a condemnation proceeding instituted by the city of Oklahoma City, hereinafter referred to as appellee.

The land involved consists of 28 acres.  The appraisers, appointed by the court to appraise the land, appraised it at $3,470. Both parties were dissatisfied with the appraisement and demanded a jury trial as to the value of the land taken.  Prior to the trial appellee, however, withdrew its demand for jury trial and the case went to trial before a jury on the demand of appellants.

The evidence shows that appellants acquired 17 acres of this tract in 1937 and 11 acres thereof in 1948; that they paid for both tracts the sum of $4,900.

In the year 1939 they built a dam across a draw in the land for the purpose of impounding water, which then had covered about 12 acres thereof, at an expense to them in the sum of $1,000.

The evidence is in conflict as to the fair market value of the land taken at the time of the taking.  Appellants in their testimony fixed the value thereof at $500 per acre.  Other witnesses testifying on behalf of appellants fixed the value thereof at $300 per acre. Witnesses testifying on behalf of appellee fixed the value from $80 to $85 per acre.

The jury returned a verdict finding the fair market value of the land taken to be $3,300 or $170 less than the value fixed by the appraisers. Judg-

ment was entered by the court in accordance with the verdict of the jury.

Appellants rely for reversal solely on the ground that the court erred in excluding material and competent evidence offered by them tending to prove the fair market value of the land taken. Their contention is that the court erred in excluding evidence offered by them to show the price at which other land in that vicinity and of similar character had been sold within two or three years prior to the time the land in the present case was condemned.

In this respect the record discloses that four witnesses testified in behalf of appellants as to the value of the land and all testified that they were familiar with the land, knew the fair market value thereof, knew the fair market value of other land in the vicinity of the land taken and of similar character, knew the price at which such land had been sold, and testified that in their opinion the fair market value of the land taken was $300 per acre. Counsel offered to prove by two of these witnesses the price at which such other land had been sold. Upon objection by counsel for appellee such evidence was excluded. Counsel for appellants then stated that if permitted to answer the witness would testify that such land had been sold for a price slightly in excess of $300 per acre.

The only question presented for our determination is, Did the trial court commit reversible error in the exclusion of this evidence? We think not.

The authorities are in conflict on the question as to whether sale of similar property is admissible in evidence on direct examination as substantive evidence or proof of the value of the land taken. The weight of authority is to the effect that such evidence may be properly admitted under the guidance and control of the trial court, with a wide discretion vested in the court in determining whether a sufficient predicate had been laid to authorize its admission. See, in this connection, 32 C. J. S. 444, §593; 18 Am. Jur. 994, §351; 118 A. L. R., where the authorities are annotated beginning at page 870.

Counsel for appellee in support of its objection call our attention to the case of Consolidated Gas Service Co. v. Tyler, 178 Okla. 325, 63 P. 2d 88. It is there said:

"A witness was permitted to testify over the objection of plaintiff as to the value of certain other property in the city of Blackwell said to be desirable as an industrial site as compared to that of defendant, that is, as to the site he thought was the most accessible and most valuable. This we think was improper. The question at issue was the value of defendant's property as of the date when the award of the commissioners was deposited in court, with and without the pipe line located thereon. The value or comparative value of other property was immaterial."

Counsel assert that this case decides the rule in this state to be that evidence of the price at which other land in the vicinity and similar in character to the land in question has been sold is inadmissible on direct examination as independent or substantive evidence or proof of the value of the land sought to be condemned. We do not agree. This question is not definitely decided in that case. The case holds that the comparison of the values there sought to be made was improper under the facts and circumstances of that case. The case of Wilkerson, Adm'r, et al. v. Grand River Dam Authority, 195 Okla. 678, 161 P. 2d 745, is also cited and relied upon by appellee in support of the court's ruling. We there held:

"Interrogation on cross-examination relative to prior sales by a witness to test his credibility does not contravene the rule with respect to proof of value by comparison."

While the rule there announced is the general rule applied in jurisdictions holding such evidence inadmissible on direct examination as independent proof or evidence of the value of

the land in dispute, it does not in any manner hold or indicate that such evidence upon a proper showing having been made may not be properly admitted on direct examination. Neither of the cases relied upon by appellee definitely decides this question, nor do we think it necessary to a decision in the present case to definitely decide such question.

Assuming that the excluded evidence might properly have been admitted, under the record herein, the error, if any, in its exclusion is harmless. The record discloses that appellant J. Earl Haggard testified as to the amount paid for the land. The witnesses by whom it was sought to prove the price at which other lands had been sold testified that they were familiar with the market value of such lands and knew the price at which they had been sold; that they knew the fair market value of the land taken and upon such facts based their opinion that the market value of the land taken was about $300 per acre.

The record discloses that had the witnesses been permitted to answer they would have testified that such other land had been sold at a price slightly in excess of $300 per acre. Had the evidence which was excluded been admitted it would in all probability in no manner have changed the result. The exclusion of this evidence could in no way have prejudiced the rights of appellants.

In discussing a similar question, the Supreme Court of Utah, in the case of Telluride Power Co. v. Bruneau, 41 Utah, 4 125 P. 399, stated:

" . . . As stated in 1 Elliott, Ev. sec. 180, Jones, Ev. (2d Ed.) sec. 168, and 13 Ency. Ev. pp. 457-463, there is a marked conflict of opinion as to the competency of evidence on direct examination to show the sale price of other lands of general similarity in location, character, and adaptibility to use of the lands sold with those the value of which is in question, and of sales made about the time the value of the latter must be established. The cases supporting the affirmative and those the negative of the proposition are there noted. Even though the conclusion should be reached that such sales may properly be shown on the direct examination, yet we are clearly of the opinion that in this instance the plaintiff was not harmed by the ruling. The witness had already stated that he had bought and sold lands; that he knew of sales of lands similar to that of the defendant; that he knew the market value of such lands and the market value of the defendant's land, and stated what that was, and the amount which in his opinion the value of the defendant's land was depreciated by reason of the construction of the power line over it. In such case the plaintiff was not prejudiced even though it be assumed that it, on the direct examination of the witness, was entitled to show sales of other lands. Seattle & M. Ry. Co. v. Gilchrist, 4 ·Wash. 509, 30 P. 739; Teele v. Boston, 165 Mass. 88, 42 N. E. 506; Sargent v. Merrimac, 196 Mass. 171, 81 N. E. 970, 11 L.R.A. (N.S.) 996, 124 Am. St. Rep. 528. At any rate, it is not such an error, if there be one, as requires a reversal of the judgment."

It is well established that a judgment will not be reversed for error in the admission or rejection of evidence unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. Kansas, Oklahoma & Gulf Ry. Co. v. Rogers, 200 Okla. 111, 191 P. 2d 209.

Judgment affirmed.

ARNOLD, V. C. J., and CORN, HALLEY, JOHNSON, and O'NEAL, JJ., concur. LUTTRELL, J., dissents.