MARINDA D. MERRILL *vs.* INHABITANTS OF BRADFORD.

In an action under the Gen. Sts. *c.* 44, § 22, against a town to recover for injuries caused by an accident arising from a highway being so narrowed by obstructions at the side that carriages could not pass, evidence that on a previous occasion two carriages had been unable to pass at the place, and that the road continued in the same condition, is inadmissible.

TORT under the Gen. Sts. *c.* 44, § 22, to recover for personal injuries occasioned by a defect in a highway which the defendants were bound to keep in repair.

At the trial in the Superior Court, before *Putnam*, J., the plaintiff introduced evidence tending to show that on September 10, 1870, while she was driving upon the highway with a horse and wagon, she was injured by her wagon coming into collision with an ox-cart; that the sole cause of the injury was the obstruction of the highway by railroad ties placed within its limits and upon both its sides, so as to contract the passage for carriages to such an extent that it was inconvenient and unsafe; and that the way had been obstructed by these ties, more or less, during the whole summer preceding the accident. Some of the plaintiff's witnesses testified that although they had not measured the distance between the ties, they thought the passage between them at the time of the accident was from fifteen to twenty feet.

The plaintiff offered to prove by a witness that he was driving over the highway about the last of August or first of September preceding the accident with a common wagon; that at the place where the accident happened he met another carriage, which was a common covered carriage; that at that time the way was so obstructed by ties that the carriages were unable to pass each other on account of the narrowness of the passage between the ties; that he passed over the road nearly every day; and that the road was then in the same condition, substantially, as at the time of the accident. The judge, upon the objection of the defendants, excluded the testimony · but allowed the plaintiff to prove what was the distance between the ties at that time, and at the time of the accident.

The defendants introduced evidence tending to show that there was no such obstruction at the time, by ties, as the plaintiff claimed ; and that the width of the road between the ties varied from time to time during the summer, and up to the time of the accident.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*D. Saunders & J. P. Jones,* for the plaintiff.

*H. Carter,* for the defendants.

BY THE COURT. The ruling was in conformity with the decisions in *Collins* v. *Dorchester,* 6 Cush. 396, and *Aldrich* v. *Pelham,* 1 Gray, 510. *Exceptions overruled.*