## GEORGE YORE *vs.* CITY OF NEWTON.

Middlesex.    January 7, 1907. — February 27, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Evidence*, Remoteness. *Practice, Civil*, View, New trial. *Way*.

In an action against a city for injury to property of the plaintiff from an alleged defect in the grading of a highway of the defendant by reason of which the furniture wagon which the plaintiff was driving toppled over, the presiding judge in his discretion properly may exclude evidence that a witness had seen at the same place bales of hay fall off a team loaded with hay, barrels fall off teams loaded with barrels and wood fall off wood teams, and if the judge thinks that such evidence would lead to issues which would be likely to distract if not to confuse the jury, to take the defendant by surprise or to prolong the trial unduly, it is his duty to exclude the evidence.

Under R. L. c. 176, § 35, a view in a civil case can be ordered only upon the motion of one of the parties, but where the jury ask for a view and one of the parties objects to the view and the other party does not object and expresses a desire to have it, this may be treated by the presiding judge as a motion for the view and he may grant it accordingly.

If, after a case has been argued and the judge has given his charge to the jury and the jury have retired to the jury room for deliberation and have remained there for two hours, the jury return to the court room and ask the judge to permit them to take a view, and one of the parties makes a motion to that effect, it is not too late for the judge to grant the view and he may reopen the case for that purpose.

If in the trial of a civil case the judge on the motion of one of the parties allows the jury to take a view, and the view is taken, followed by a verdict for the party who made the motion, but this party has not advanced the money necessary to defray the expenses of the view as required by R. L. c. 176, § 35, this is no reason for giving the other party a new trial.

TORT for injury to property of the plaintiff on or about September 3, 1903, from an alleged defect in the grading at the

intersection of Winchester Street and Boylston Street in Newton, highways of the defendant, by reason of which the furniture wagon in which the plaintiff was driving toppled over. Writ dated September 18, 1903.

In the Superior Court the case was tried before *Bond*, J. One Mrs. Rust, a witness called by the plaintiff, had lived at the corner of Winchester Street and Boylston Street for about five years previous to the accident. She was asked on direct examination whether she had observed what effect the place in question had upon teams that were proceeding in a manner similar to the plaintiff's, and, upon testifying in the affirmative, she next was asked, what she had observed. To this question the defendant objected and the objection was sustained.

The counsel for the plaintiff stated that he offered the evidence for the purpose, first, of showing that this was a dangerous place, and that he expected the witness to testify that she had observed a team loaded with hay, and the bales fell off, and that on barrel teams the barrels had fallen off, and that she had seen wood teams, and had seen wood fall off from the teams.

The judge said " We can't try all of those cases. We don't know whether the driver was in the exercise of due care, or not."

The plaintiff's counsel then offered the evidence on the ground that it showed notice to the city, and stated that the witness would testify that such accidents were a common occurrence there. The judge excluded the evidence, saying: " We cannot try every one of those cases in order to show whether it was the road that was at fault, or whether it was the teamsters that were at fault." The counsel for the plaintiff said, " I only ask as to teams proceeding in a similar manner to the plaintiff's team."

The judge in the course of his charge instructed the jury as follows: " Now, there is no controversy here about the notice, because the town constructed the street in that way; and there is no controversy but what it could have been constructed differently. But the question is whether it was constructed properly the way it was so that there was no defect or want of repair."

After the case had been argued and the judge had given his charge to the jury, and after the jury had retired to the jury room for deliberation and had been there for about two hours,

they requested the judge to be permitted to view the place where the accident happened. There was some question as to whether or not the streets were in the same condition at the time of the trial, which was on January 4, 1906, as at the time of the accident in September, 1903. The judge heard evidence, not in the presence of the jury, upon this point and came to the conclusion that the streets were in substantially the same condition. The counsel for the plaintiff then objected to the granting of the view. The counsel for the defendant did not object but expressed a desire to have it. The jury then were called to the court room and were informed by the judge that he had decided to accede to their request that they be permitted to view the place in question, and also stated that there was no change in the street. The judge permitted the counsel for the plaintiff and the counsel for the defendant to accompany the jury, but forbade either counsel to speak to the jury or to have any communication whatever with them.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*F. J. Carney*, for the plaintiff.

*W. S. Slocum*, for the defendant.

LORING, J. 1. The presiding judge well might have thought that the evidence excluded would lead to issues which would be likely to distract if not confuse the jury, take the defendant by surprise, or unduly protract the trial. If the evidence had been admitted it necessarily would have involved the admission of evidence, if offered by the defendant, as to how the hay, the barrels and the wood were loaded in the other cases and in each and all of them, as to how good a driver the teamsters in the other cases were and how they drove the several teams on the other occasions. If the presiding judge did think so, it was his duty to exclude the testimony. *Shea* v. *Glendale Elastic Fabrics Co.* 162 Mass. 463. The evidence in question in *Bemis* v. *Temple*, 162 Mass. 342, was held admissible because it was not open to these objections.

2. We are of opinion that R. L. c. 176, § 35, must be taken to be an act covering the whole subject as to taking views in civil cases, and that a view can be granted only upon motion of one of the parties. After the view had been requested by the

jury the defendant's counsel " expressed a desire to have it." This might be treated and must be taken to have been treated by the presiding judge as a motion for a view by the defendant. The statement made by the presiding judge to the jury that he " had decided to accede to their request " cannot be taken to be a statement that he did not act upon the statement made by the defendant's counsel that he desired a view, which, as we have said, is equivalent to and is to be treated as a motion. In our opinion it was not too late for the judge to grant a view at the time when the view was granted in the case at bar. Ordinarily the time for granting a view is before the evidence is put in. But if the subsequent course of the trial shows that a view should be taken, it may be granted then. It has been held in other connections that it was within the power of the judge to reopen the case at the stage when the view was granted in the case at bar. *Graef* v. *Bernard*, 162 Mass. 300.

If it is to be taken on this record that the defendant did not advance the money necessary to defray the expenses of the view, on which we express no opinion, that is no reason for giving the plaintiff a new trial. The purpose of that provision of the act is not to protect any rights of the plaintiff but merely to throw the expense of the view, in the first instance at least, on the party asking for the view.

*Exceptions overruled.*