THURBER I. WALKER *vs.* ROBERT W. WILLIAMSON & another.

Suffolk.   March 2, 1910. — May 17, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Evidence*, Remoteness, Opinion: experts.   *Practice, Civil*, Conduct of trial.

In an action by a workman employed in a hat factory against his employers, for personal injuries caused by a block on which hats were piled to preserve their shape falling from a table upon the feet of the plaintiff, while in the course of his duty he was trying to take a pile of hats from the table, the jury returned a verdict for the defendants, and the plaintiff alleged exceptions to the exclusion by the presiding judge of evidence offered by the plaintiff to prove that the block had fallen in a similar way before. *Held*, that the evidence was objectionable as raising collateral issues, and properly could be excluded in the discretion of the presiding judge.

In an action by a workman employed in a hat factory against his employers, for personal injuries caused by a block on which hats were piled to preserve their shape falling from a table upon the feet of the plaintiff, while in the course of his duty he was trying to take a pile of hats from the table, the jury returned a verdict for the defendants, and the plaintiff alleged exceptions to the refusal of the presiding judge to allow the plaintiff to ask the defendants' superintendent whether the unfastened block was a dangerous appliance. *Held*, that the refusal was proper, because the question was one to be decided by the jury and was not a subject for expert testimony.

TORT for personal injuries sustained by the plaintiff while at work in the defendants' factory for making ladies' felt hats at 110 Utica Street in Boston on August 3, 1905. Writ dated September 20, 1905.

In the Superior Court the case was tried before *Pierce*, J. The manner in which the accident happened is stated in the opinion. At the close of the plaintiff's evidence the defendants rested, and the judge submitted the case to the jury with instructions which were not objected to. The jury returned a verdict for the defendants; and the plaintiff alleged exceptions, raising the questions stated in the opinion as to the exclusion of certain evidence.

The case was submitted on briefs.

*F. P. Garland & E. D. Wright*, for the plaintiff.

*H. C. Sawyer & H. D. Hardy*, for the defendants.

LORING, J.  The defendants were hat manufacturers. The plaintiff was employed by them and set to work on the back of

a stamping machine. A part of his duty consisted in bringing hats from a table to the stamping machine. These hats were piled on a block on the table to preserve their shape. This block weighed some twenty pounds. The first time the plaintiff undertook to take a pile of hats from the table this block fell on his feet and this action was brought to recover for the injury so caused.

The presiding judge refused to allow the plaintiff to prove that the block had fallen in a similar way before. The evidence was objectionable as evidence raising collateral issues. It did not add anything of value to the description of the block and of its use. It could be properly excluded in the discretion of the presiding judge. *Yore* v. *Newton*, 194 Mass. 250.

The presiding judge also refused to allow the plaintiff to ask the defendants' superintendent whether the block unfastened was a safe appliance. This question was the question to be decided by the jury and was not the subject of expert testimony. *Meehan* v. *Holyoke Street Railway*, 186 Mass. 511. *Wolfe* v. *New Bedford Cordage Co.* 189 Mass. 591. *Whalen* v. *Rosnosky*, 195 Mass. 545.

*Exceptions overruled.*