JENNIE D. WILLIAMS *vs.* INHABITANTS OF WINTHROP.

Suffolk.　November 11, 1912. — February 25, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Way,* Public: defect. *Negligence,* In use of highway. *Practice, Civil,* Conduct of trial: requests and instructions, Exceptions. *Evidence,* Competency.

At the trial of an action by a woman against a town for personal injuries alleged to have been caused by a defect in a public way, where, besides evidence as to the season of the year, precedent weather conditions, amount and character of travel and other attendant circumstances, there is evidence tending to show that as the plaintiff, an experienced driver, was driving a team on the way in question and was turning into an intersecting street, she looked at the street ahead and saw nothing on the surface to indicate a defect, and that the carriage was caused to tip and throw her out because it ran into two depressions, one of which was six or more inches deep, with a mound between them, the questions, whether the plaintiff was in the exercise of due care and whether the accident was caused by a defect in the way, are for the jury.

At the close of the evidence at the trial of an action against a town for injuries alleged to have been caused by a defect in a public way, the defendant presented twenty-two requests for rulings, three of which were to the effect that the burden of proof was on the plaintiff on the issues of his due care and of notice to the defendant of the defect. The charge made no specific reference to the question of the burden of proof, but stated that the several issues in dispute must be established in favor of the plaintiff before a verdict for him could be returned. From the language of the charge it might be inferred that in other cases previously tried before the same jurors full instructions had been given to them respecting the burden of proof. At the close of the charge the defendant's counsel asked that exceptions be noted as to requests that had been denied, several of which contained correct statements of the law relating to

---

the burden of proof. The judge replied, "Yes. They are principally that there is no evidence," and the defendant's counsel replied, "Yes." *Held,* that, although the defendant was entitled to full and accurate instructions touching the matter of the burden of proof, the exceptions to the failure to grant the requests in question must be overruled, because it was the duty of the defendant's counsel, if such specific instructions were desired, to call them to the attention of the judge at the close of the charge, and not to permit the judge to think that the requests related only to whether there was any evidence which should be submitted to the jury.

At the trial of an action against a town for personal injuries alleged to have been sustained by reason of depressions in a public way, which caused the carriage of the plaintiff to tip and throw him out, evidence that on previous days other wagons had been seen to go up and down and tip at the same place is inadmissible for the purpose of showing a defect in the way or to prove notice of the defect to the defendant.

TORT for personal injuries alleged to have been suffered by the plaintiff on August 7, 1902, by reason of a defect at or near the intersection of Hutchinson Street and Revere Street, public ways of the defendant, and to have been caused by depressions which caused a carriage that the plaintiff was driving to tip, throwing out the plaintiff. Writ dated August 18, 1902.

In the Superior Court the case was tried before *Harris,* J. The material facts are stated in the opinion. There was a verdict for the plaintiff in the sum of $2,500. The defendant alleged exceptions, which, after the resignation of *Harris,* J., were allowed by *Jenney,* J.

*J. B. Studley, (K. McLeod* with him,) for the defendant.

*E. R. Anderson, (J. G. Bryer* with him,) for the plaintiff.

RUGG, C. J. This is an action of tort to recover compensation for injuries received through an alleged defect in a public way upon which the plaintiff was a traveller.

1. There was evidence tending to show that the plaintiff was an experienced driver, and that as she turned her horse from one street to another she was looking at the street ahead, and saw nothing about the surface of the street to indicate a defect. It was for the jury to determine, upon this evidence and upon all the circumstances, as men of common experience, whether the plaintiff was in the exercise of due care. *Thompson* v. *Bolton,* 197 Mass. 311. *Stoliker* v. *Boston,* 204 Mass. 522, 534. *Cutting* v. *Shelburne,* 193 Mass. 1.

2. There was evidence tending to show that there were two depressions in the street described by some witnesses as holes, one of

which was six or more inches deep, with a mound between. It was for the jury to say whether this was a defect, taking into account the season of the year, precedent weather conditions, the amount of travel upon the street, and all the other attendant conditions.

3. At the close of the evidence, the defendant presented twenty-two requests for instructions, three of which were to the effect that the burden of proof was upon the plaintiff to establish that she was in the exercise of due care, and that the defendant had notice of and should have repaired the defect. At the close of the charge the counsel for the defendant asked that exceptions be noted to requests that had been denied, to which the presiding judge said, "Yes. They are principally that there is no evidence." To this the defendant's counsel replied, "Yes, sir," and the judge said, "I will save your exception." Although the charge made no specific reference to the burden of proof, it stated correctly and plainly that the jury, before they could return a verdict for the plaintiff, must find the various facts necessary to make out liability on the part of the defendant, and that the several issues in dispute must be established in favor of the plaintiff. It is apparent also from the charge that the jury had tried other tort cases before this one. Under these circumstances, if the defendant's counsel had desired a specific instruction upon such an elementary principle as the burden of proof, he should have called it more pointedly than he did to the attention of the judge at the close of the charge. It is fair to infer that at some previous time full instructions had been given to the jury respecting the burden of proof, which it was not thought necessary to repeat in every case. Of course each party to a cause is entitled to have full and accurate instructions given touching every point involved. But the charge gives the impression that the nature of the burden of proof had been explained to the jury, and that they were acquainted with it. The colloquy at the close of the charge shows that the only matter in the mind of the judge as to which he had not instructed in accordance with the requests of the defendant was that going to the essence of the plaintiff's case, and requests to that effect, of which there were a considerable number, were refused. Under these circumstances, if the defendant had desired a definite instruction upon the burden of proof, it was his duty to call it directly to the attention of the judge, and

not by assenting to his interrogatory, to the effect that the refusals related principally to the point that there was no evidence on which the plaintiff could go to the jury, lead the court to think that nothing else was relied on.

4. A witness who lived near the place of accident, called by the plaintiff was permitted to testify, against the objection and exception of the defendant, that between the day of the accident and the preceding Sunday she had observed that "If an express wagon or grocery team would come that way they would always go down and jump up and go down again, and some came around with one wheel in the air." The judge admitted this as tending to prove notice to the defendant. It is plain that such evidence is not admissible for the purpose of showing a defect in the way. This has been decided too many times to require more than a reference to one or two authorities. *Collins* v. *Dorchester*, 6 Cush. 396. *Marvin* v. *New Bedford*, 158 Mass. 464. The question of difficulty is, was it admissible on the issue whether the defendant "had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair" (R. L. c. 51, § 18) in the way. Generally in this Commonwealth evidence of this character has been excluded. We are aware of no instance heretofore in which it has been admitted against objection. In *Yore* v. *Newton*, 194 Mass. 250, evidence of like character was held to have been excluded properly and it was said that it might have been done in the exercise of judicial discretion. But that case is no authority for the proposition that such evidence is competent or that it may be admitted under any circumstances.

Such evidence has been held in other cases to have been properly rejected, on the ground of raising collateral issues. *Merrill* v. *Bradford*, 110 Mass. 505. *Blair* v. *Pelham*, 118 Mass. 420. In *Kidder* v. *Dunstable*, 11 Gray, 342, it was said: "In an action for injury sustained in a highway, by reason of an alleged defect therein, evidence is not admissible, either that a person, not a party to the action, has received an injury at the same place, or has safely passed over it." These cases treat the matter as a positive rule of law. Even if it were to be regarded as matter of judicial discretion, it would be unfortunate if the discretion were "not exercised in the same way under the same circumstances." *Sargent* v. *Merrimac*, 196 Mass. 171, 175. No hardship will befall

a plaintiff because notice or reasonable ground to infer notice to a municipality of a defect in a highway is commonly susceptible of ready proof by other evidence. *Reed* v. *Northfield,* 13 Pick. 94. *Chase* v. *Lowell,* 151 Mass. 422. Under these circumstances we think it better to adhere to that which has been declared and understood generally to be the law of this Commonwealth, and hold that such evidence is inadmissible.

*Exceptions sustained.*