ALVIN R. WILLIAMS, administrator, *vs.* EDWIN W. HOLBROOK.

Essex.    November 6, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* In use of automobile, *Res ipsa loquitur. Witness,* Cross-examination. *Evidence,* Remoteness.

At the trial of an action for personal injuries to and causing the death of one standing on a sidewalk, by running him down with an automobile which skidded as it was being turned from the tracks of a street railway in which it had been running, there was evidence tending to show that the tires of an automobile of the kind operated by the defendant, because of their size, tended to adhere

tenaciously to a street railway track, so that, when an attempt was made to turn them, even from a dry track, the rear wheels would cling to the track and the car would tend to twist about, or skid, and to run upon the sidewalk; that at the time of the accident the track was wet, which greatly increased the tendency to skid, and that the defendant, who had run an automobile for eight months, just before turning the front wheels, increased the speed of the automobile. *Held,* that there was evidence for 'the jury of negligence of the defendant.

Where, at the trial of an action for personal injuries to and causing the death of one standing on a sidewalk, by running him down with an automobile which skidded and ran upon the sidewalk, an expert witness for the plaintiff has testified in ·cross-examination that, from his experience on that street, skidding could not be stopped after it began, a further inquiry in cross-examination as to whether he had not seen "other light machines skid at the place where this accident occurred," without any evidence being offered as to the conditions of management of such other cars, properly may be excluded within the discretionary power of the judge to limit cross-examination, as well as on the ground of remoteness.

The fact that an automobile, as it was being turned from wet tracks of a street railway in a street, skidded and ran upon a sidewalk, is not in itself evidence of negligence of the driver of the automobile.

BRALEY, J. The decedent, a boy about five years of age, was standing on the sidewalk near the entrance to a shoe store whither he had gone accompanied by his mother, when an automobile operated by the defendant suddenly left the roadway and, running with great force upon the sidewalk, struck and forced him against the building, causing injuries from which he died after a period of conscious suffering. It appears from the evidence, that the car was being driven over the portion of the street in which the tracks of a street railway were laid, and that at the time of the accident water was running in the track, while the surface of the street in the vicinity was wet and slippery. The jury could find, that as the defendant, without slackening but with increased speed, turned to get off the wet track, the car skidded on the rails and passed upon the sidewalk. The type of car, and the testimony of the expert called by the plaintiff warranted a further finding, that by reason of their diameter the tires adhered tenaciously to the groove of the track, and, if an attempt were made to turn out, the tendency of the car, even with a dry track, would be to twist around and run on to the sidewalk, while with a wet rail the tendency to move laterally, and of the rear wheels to cling to the track, would be greatly increased.

A verdict could not have been ordered for the defendant as he

requested. The jury properly were permitted * to pass upon the question whether from his experience as shown by his testimony † the defendant's conduct in the operation of the car in running in the groove of the track, and in applying increased power when trying to turn therefrom, was that of the ordinarily prudent driver acting under like conditions. *Brown* v. *Thayer,* 212 Mass. 392, and cases cited.

The plaintiff's expert, having testified in cross-examination that, from his experience in the same street, after skidding began it could not be stopped, was asked if he had not seen "other light machines skid at the place where this accident occurred." It was discretionary with the presiding judge whether this evidence should be admitted, and its exclusion shows no reversible error. *Jennings* v. *Rooney,* 183 Mass. 577. *Yore* v. *Newton,* 194 Mass. 250. *Williams* v. *Winthrop,* 213 Mass. 581. Proof moreover that similar cars had skidded, did not show their conditions of management, which of course were material if such evidence was to have any probative value. *French* v. *Sabin,* 202 Mass. 240.

But, while the instructions were full and clear, the defendant excepted to so much of them as permitted the jury "if you are unable upon all the evidence in the case to determine what it was that in fact caused this car to take the course that it did, then you may consider that it did do as it did and because the defendant was in the seat at the time, with the steering gear manipulating or endeavoring to control the car, you would be warranted if you find it to have been a perfect car and the cause of its acting as it did wholly unexplained, — you would be warranted in inferring that there was some improper, irregular act on the part of the defendant in failing to control it before it struck the boy. Whether that irregular act was sufficient or whether you are satisfied from the fact that the car took the course that it did that there was negligence on the part of the defendant sufficient to establish his liability in this action is for you to determine." The defendant's negligence, as we have said, depended upon the view

---

* By *Pratt,* J. The jury found for the plaintiff; and the defendant alleged exceptions.

† The defendant testified that he had run an automobile about eight months, and never before on the street where the accident occurred.

the jury took of his acts in operating the car within instead of outside of the groove, and then attempting to turn from the track by increasing rather than by lessening the rate of speed. The evidence for the plaintiff showed, that even with the brakes set, and the steering gear under full control the car would continue to move irregularly solely because of the position in which it had been placed. It follows that the mere skidding of the car was not an occurrence of such uncommon or unusual character, that, unexplained, the jury could say it furnished evidence of the defendant's negligence. *Hofnauer* v. *R. H. White Co.* 186 Mass. 47. *Droney* v. *Doherty,* 186 Mass. 205, 206. *Singer Sewing Machine Co.* v. *Springfield Street Railway, ante,* 138. The exceptions therefore must be sustained.

*So ordered.*

*E. F. McClennen,* for the defendant.
*D. W. Quill,* for the plaintiff.