HENRY J. CANNEY vs. ALBERT C. FOSS.

Essex. March 12, 1919. — April 11, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Ordering verdict, Requests and rulings, Exceptions.

An exception to the denial of a motion that a verdict be ordered for the defendant upon each count of a declaration, made at the close of all the evidence at the trial of the action, must be overruled where the evidence warranted findings that the causes of action described in the different counts were distinct and not inconsistent and there was evidence warranting a verdict for the plaintiff upon each count.

At the trial of an action of contract where the declaration contained two counts, one upon a promissory note and the other for a balance due on an accounting, and the evidence of the plaintiff warranted findings that the causes of action stated in the two counts were distinct and not inconsistent, there were but, two witnesses, the plaintiff and the defendant, and their testimony was conflicting. The defendant asked for certain rulings, correct in form, upon the question of the burden of proof. The issues were few and distinct. The jury were charged fully and were instructed in substance that, unless they believed the plaintiff's testimony as to the note and balance, they must find for the defendant. At the close of the charge, the defendant's counsel excepted to the "refusal to rule as I have requested." The judge then inquired, "Anything inconsistent with your requests for instructions?" and the defendant's counsel replied, "Yes." *Held,* that, assuming that it was error for the judge to fail to give more specific rulings as to the burden of proof, the defendant's exceptions nevertheless must be overruled since it did not appear that the error injuriously affected his rights.

CONTRACT, with a declaration in three counts and a declaration in set-off. No question now is raised with regard to the issues under the third count or the declaration in set-off. The first count was upon a promissory note for $1,000 and the second for money had and received by the defendant to the plaintiff's use. Writ dated July 19, 1916.

In the Superior Court the action was tried before *Quinn,* J. The material evidence and the questions raised by exceptions saved by the defendant are described in the opinion. The defendant moved that a verdict be ordered for him. The motion was denied. The defendant also made nine requests for rulings.

The first and ninth requests, referred to in the opinion, were as follows:

"1. That the burden of proof is upon the plaintiff to satisfy the jury that there was a consideration for the note and unless he satisfies them that there was a consideration, then the verdict must be for the defendant on the first count."

"9. The burden of proof is upon the plaintiff to prove that the consideration for said note was money loaned to the defendant outside of and not connected with the joint undertaking or partnership, and unless he so proves, then their verdict must be for the defendant on the first count."

There was a verdict for the plaintiff upon the first count in the sum of $1,172.21, and on the second count in the sum of $248. The defendant alleged exceptions.

*R. L. Sisk,* for the defendant.

*H. R. Mayo,* for the plaintiff.

DE COURCY, J. The first count of the plaintiff's declaration is on a promissory note for $1,000 signed by the defendant; and the second count is for $248 claimed to be due after an accounting between the parties.

There was testimony from which it could be found that the note, admittedly signed by the defendant, was for money lent previous to 1914, separate and distinct from the joint dealings of the parties; and as to the $248, that they ended their partnership transactions in July or August, 1915, had an accounting together, and agreed that this balance was due to the plaintiff. The defendant's motion for a directed verdict was denied rightly.

The charge adequately covered the instructions requested by the defendant, with the possible exception of the first and ninth relating to the burden of proof. The only witnesses were the plaintiff and the defendant. The issue of fact raised by the evidence with reference to the note, was whether it represented an actual indebtedness for money lent or advanced by the plaintiff in connection with their earlier joint dealings which ended in 1914, or was given as a mere memorandum of the amount of the plaintiff's capital then invested in the partnership, and before the final adjustment between them. As the judge in substance instructed the jury, the determination of that issue depended on whether they believed the story of the plaintiff or that of the defendant.

And he explicitly instructed the jury, "If . . . it was given simply as a memorandum of the amount of capital invested, made at a time when these people were partners, before the transaction [*sic*] of the final accounts, and was simply a representation of the amount of capital involved, it did not create an indebtedness in and of itself and cannot be recovered upon as an indebtedness, . . . Was it given for a consideration? Is it a valid indebtedness against this defendant? If it is not, your judgment on the matter of the note, on the first count would be for the defendant. If it is, your judgment will be for the plaintiff for the amount of the note, with interest. . . . "

As to the second count, there was ample evidence in the testimony and letter of the defendant himself that this amount was due to the plaintiff in August or September, 1915, after the partnership dealings had ceased. The real issue before the jury was, whether this was a balance agreed to be due to the plaintiff on a final accounting by the parties. The plaintiff testified that it was; and the defendant apparently admitted that this amount was due notwithstanding two outstanding accounts. The trial judge fully instructed the jury, and said, "Was there $248 found due? Did they strike a balance at some time of their cattle business, and was $248 due the plaintiff? If there was, he is entitled to it."

At the close of the charge, the counsel for the defendant excepted to the "refusal to rule as I have requested." The judge then inquired, "Anything inconsistent with your requests for instructions?" to which the only reply was "Yes." As said in *Williams* v. *Winthrop*, 213 Mass. 581, 583: "Under these circumstances, if the defendant's counsel had desired a specific instruction upon such an elementary principle as the burden of proof, he should have called it more pointedly than he did to the attention of the judge at the close of the charge. It is fair to infer that at some previous time full instructions had been given to the jury respecting the burden of proof, which it was not thought necessary to repeat in every case." The issues were few and distinct and their determination depended on the jury's judgment as to the credibility of the respective parties. In substance the jury were told that unless they believed the plaintiff's testimony as to the note and balance, they must find for the defendant.

Assuming that the failure to give more specific instructions as to the burden of proof was error, we are of opinion. that in the circumstances disclosed by this record, it did not injuriously affect the substantial rights of the parties.   St. 1913, c. 716, § 1.

*Exceptions overruled.*