EDWARD ROSE COMPANY *vs.* THE GLOBE AND RUTGERS FIRE INSURANCE COMPANY.

Suffolk.      December 8, 1927.— February 29, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Insurance*, Fire. *Evidence*, Presumptions and burden of proof, Matter of conjecture.

At the trial of an action upon a policy of insurance against loss of cotton waste by fire "from the time the property insured passes into the custody of any common carrier . . . until delivered by common carrier at destination," an issue was, whether there was fire in a bale or bales of the waste when it was delivered into a car of the carrier, and it was *held*, that

(1) Evidence of the occurrence of other fires under substantially the same conditions reasonably near in point of time to the fire in question, due to sparks in the cotton waste, was competent as bearing upon the cause of this fire;

(2) The opinion of an expert on fires was competent to show that the origin of this particular fire was a spark packed bale;

(3) Evidence as to the inflammable nature of cotton waste, the frequent fires arising from the machine by which this particular waste was treated by the insured before shipment, the method of packing this waste in a car of the carrier without exposure to air from the machine to the bale, together with the evidence as to the occurrence of other fires and the testimony of the expert, above described, warranted a finding that a bale or bales contained sparks before and when they were delivered to the carrier, which resulted in the fire which caused the damage for which the insured sought recovery.

Although there was no express exception to that effect in the policy above described, it did not become operative as to a carload of cotton waste, one or two bales in which contained fire at the time they were delivered to the carrier.

CONTRACT upon a policy of fire insurance described in the opinion. Writ dated December 16, 1920.

In the Superior Court, the action was tried before *Raymond*, J. Material evidence and special findings by the jury are stated in the opinion. The trial judge ordered verdicts for the defendant on each count of the declaration and reported the action to this court for determination.

*D. A. Ellis*, (*S. M. Whalen* with him,) for the plaintiff.

*G. Alpert*, (*M. C. Kelleher* with him,) for the defendant.

RUGG, C.J. This is an action on a policy insuring cotton waste belonging to the plaintiff "against losses caused by fire . . . from the time the property insured passes into the custody of any common carrier . . . until delivered by common carrier at destination." The plaintiff had a contract for the entire product of manufactured cotton waste at a mill in Georgia, from which a carload was frequently shipped. It was undisputed that three different shipments of cotton waste belonging to the plaintiff were destroyed by fire while in the custody of a common carrier, and that the plaintiff would be entitled to a verdict in its favor for agreed amounts for each shipment, unless the defence is to prevail. That defence is predicated upon evidence tending to show these facts: Cotton waste is very inflammable. The cotton waste involved in this suit passed through a picker or willowing machine in the mill. Frequent sparks were struck out from this machine during the passage of cotton waste through it. These sparks resulted, as often as once every two or three weeks, in small fires in the cotton waste going through

this machine.   Cotton waste would pass from this machine through a closed pipe into a press.   It was then pressed and baled.   The bales were placed the next morning upon a platform and thence loaded into a freight car after noon by the mill employees.   The loss or damage in the three instances occurred at night on February 24, March 31 and April 10, 1920, the fires of February 24 and March 31 being discovered within a few hours after delivery of the cotton waste to the common carrier, and in one instance, namely, the fire of March 31, before the shipment was removed from the spur track adjacent to the mill.   Examination was made shortly after the fire of March 31, 1920, of the car and of the bales in that fire, and an examination was also made shortly after April 10 of the car and of the bales in that fire.   These examinations showed that these cars themselves were without open ventilators, that the car doors were sealed and that the cars had no cracks or openings, that these two cars were burned only on the inside and that there was a bale in each of these two shipments where the inside was burned much more than the outside and where the bale as a result was substantially hollow inside, and that three bales were burned much more on the inside than the outside.   The defendant, as to the fire of March 31, 1920, called as witnesses several railroad employees and an interstate commerce commission inspector of explosives, who testified that this fire of March 31, 1920, was in their respective opinions due to a spark having been packed in one of the bales before shipment.   A railroad employee testified to the same effect as to the fire of April 10, 1920.   The defendant called an expert on fires, who testified in answer to a hypothetical question upon the facts above stated that in his opinion all three fires were caused by a spark packed bale.   The case was submitted to the jury on an issue as to each shipment, which read as follows: "Did any of the bales delivered to the railroad on February 24, 1920 ['on March 30' in the second issue, 'on April 8' in the third issue] contain fire at the time of such delivery which resulted in the destruction of the goods?"   The jury answered each one of these issues in the affirmative.   The plaintiff requested the judge to rule that there was not

sufficient evidence to justify the jury's finding as to the shipment of February 24, 1920; also, that the findings of the jury on all three issues were not, as a matter of law, a bar to any recovery by the plaintiff. The judge, however, directed a verdict for the defendant on each of the three counts of the declaration, and reported the case to this court.

There was no error of law in the denial of the request for a ruling that there was not sufficient evidence to support the finding of the jury as to the shipment of February 24, 1920. The evidence as to the inflammable nature of cotton waste, the frequent fires arising from the machine by which this particular waste was treated, the method of packing this waste without exposure to air from the machine to the bale, was significant. Evidence of the occurrence of other fires under substantially the same conditions reasonably near in point of time to the fire in question, due to sparks in the cotton waste, was competent as bearing upon the cause of this fire. *Baxter* v. *Doe*, 142 Mass. 558, 561. *Bemis* v. *Temple*, 162 Mass. 342. *Crandell* v. *White*, 164 Mass. 54, 61. *Johnstone* v. *Tuttle*, 196 Mass. 112. The opinion of the expert on fires was competent to the effect that the origin of this particular fire was a spark packed bale. *Thornhill* v. *Carpenter-Morton Co.* 220 Mass. 593, 599. Of course, the jury ought not to be permitted to find a verdict based upon surmise, conjecture or imagination, or anything except a solid foundation of credible evidence. *Childs* v. *American Express Co.* 197 Mass. 337, 338. *Sullivan* v. *Old Colony Street Railway*, 197 Mass. 512, 515. *Bigwood* v. *Boston & Northern Street Railway*, 209 Mass. 345, 349, and cases there collected. *Ridge* v. *Boston Elevated Railway*, 213 Mass. 460, 462. *Chicago, Milwaukee & St. Paul Railway* v. *Coogan*, 271 U. S. 472, 478. *Northern Railway* v. *Page*, 274 U. S. 65, 72, 73, 75. The collective force of all the circumstances and of the inferences reasonably susceptible of being drawn from them was enough to support the finding of the jury that the fire of February 24 was caused by a spark packed bale, and contained fire at the time of shipment. *Highland Foundry Co.* v. *New York, New Haven & Hartford Railroad*, 199 Mass. 403. *Great Falls Manuf. Co.* v. *New York Central & Hudson River Railroad*,

214 Mass. 446.   *Gates* v. *Boston & Maine Railroad,* 255 Mass. 297.   *Commonwealth* v. *Doherty,* 137 Mass. 245, 247.

The main question to be decided is whether the policy attached and constituted a binding contract in view of the express finding that some of the bales in each of the shipments contained fire at the time of the delivery to the common carrier, resulting in the destruction of the merchandise insured.   The modern view respecting insurance is that "mere negligence on the part of the insured does not prevent recovery on a policy of insurance.   One of the objects of insurance is to protect the insured from loss due to carelessness."   *Todd* v. *Traders & Mechanics Ins. Co.* 230 Mass. 595, 598.   *McMahon* v. *Pearlman,* 242 Mass. 367, 371. *Opinion of the Justices,* 251 Mass. 569, 607, 608.   We are not inclined to imply with strictness conditions as to insurance touching intrinsic qualities or defects of the thing insured. See *Nelson* v. *Suffolk Ins. Co.* 8 Cush. 477, 495, 496.   We do not need to inquire whether broad principles declared in early decisions restricting the liability of insurance companies would now be adopted in their fullness.   In the case at bar, the goods were actually on fire at the time the policy would have attached according to its literal terms.   It seems to us contrary to the presumed intention of the parties, or contrary to an underlying implied condition of the policy, to hold that the insurance became operative upon goods already on fire, even though there is no express exception of that nature in the policy.  In the absence of explicit words to the effect that the risk of fire already in existence in the property insured shall fall upon the insurer, we cannot bring our minds to the conclusion that the parties intended that the policy should take effect in those circumstances.   It is the general rule that contracts of insurance are subject to the same rules of construction as are other contracts.   The principle is fully recognized that, in construing a policy of insurance, every doubt is to be resolved against the insurer and in favor of the insured.   *Koshland* v. *Columbia Ins. Co.* 237 Mass. 467, 471, 472.   That principle does not quite reach to the facts here disclosed.   The closest analogy seems to us to be contracts of sale, valid in form, of property not in existence at the time,

which are held not to constitute binding contracts. *Thompson* v. *Gould*, 20 Pick. 134, 139. *Rice* v. *Dwight Manuf. Co.* 2 Cush. 80, 86. *Libman* v. *Levenson*, 236 Mass. 221. *Allen* v. *Hammond*, 11 Pet. 63. *Couturier* v. *Hastie*, 5 H. L. Cas. 673. Property on fire is theoretically not actually nonexistent; but, taking into account the highly inflammable nature of cotton waste, for all practical purposes a carload of it in which one or more bales are on fire can have no sale or transfer value. For every useful purpose it would stand on the same footing as a dead horse, or a sunken cargo, or any property already destroyed by casualty. There is some analogy, also, to cases of mutual mistake as to the subject matter of a contract, where the minds of the parties never have met, and it is held that no contract results. If the facts had been known to both parties, it cannot be thought that a policy of insurance against fire would have been issued. *Dzuris* v. *Pierce*, 216 Mass. 132, 135. *Jeselsohn* v. *Park Trust Co.* 241 Mass. 388.

The circumstance that one bale in each carload here in question was on fire prevented the policy from attaching. Therefore, there can be no recovery for loss of the bales not actually on fire at the moment. There can be no division.

We do not undertake to deal with the illustrations put in the able argument for the plaintiff. We confine this decision strictly to the facts of this case. So confined, we think that the ruling was right.

In accordance with the terms of the report, the entry must be,

*Judgment for the defendant on
each count of the declaration.*