GUIDARA & TERENZIO INC. *vs.* R. GUASTAVINO COMPANY.

Suffolk.   April 4, 1934. — May 26, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Evidence*, Relevancy.

It was within the discretionary power of a judge presiding at the trial of an action of contract by a contractor against the manufacturer of a plastering material called Akoustolith, for breach of a warranty of fitness, where the plaintiff introduced evidence that the material, when applied with a certain binding coat insisted on by the defendant, gave insufficient cohesion in a building which the plaintiff was constructing, and where the defendant contended that the fault lay in the plaintiff's use of an improper base coat, to exclude evidence offered by the defendant that, when used in another building with the same binding coat over a proper and usual base coat, the material worked perfectly.

CONTRACT. Writ dated July 27, 1932.

In the Superior Court, the action was tried before *Morton*, J. Material evidence and rulings to which the defendant saved an exception are described in the opinion. There was a verdict for the plaintiff in the sum of $2,493.66. The defendant alleged an exception.

*W. Gates, Jr.*, for the defendant.

*F. I. Rose*, for the plaintiff.

LUMMUS, J. The plaintiff, a contractor, obtained a verdict against the defendant, the manufacturer of a plastering material called Akoustolith, for breach of a warranty of fitness. When used for finishing ceilings, that material, bought from the defendant, separated from the brown or base coat, fell, and had to be replaced. The plaintiff contended that the material, when applied with a binding coat of one part lime and one part sand insisted on by the defendant, gave insufficient cohesion. The defendant contended that the fault was in an oversanded brown or base coat beneath.

The material sold to the plaintiff was part of a large lot made up for other buildings, including the Herald-Traveler Building, and the only exception argued by the defendant is to the exclusion of evidence that when used in that building with the same binding coat over a proper and usual base coat the material worked perfectly.

Such evidence would require the jury to compare the buildings in many respects in order to determine whether the conditions were in all ways similar. If such evidence should be received, difficulty would be found in limiting the comparison to two buildings. A multitude of collateral issues might be opened, with no assurance that the jury would be aided rather than misled. Conclusions from practical experience on other occasions ordinarily can be drawn better by witnesses possessing expert knowledge and judgment than by the jurors themselves. Even if it be assumed, without deciding, that the judge might have admitted such evidence in his discretion (*Shea* v. *Glendale Elastic Fabrics Co.* 162 Mass. 463; *Mountford* v. *Cunard Steamship Co. Ltd.* 202 Mass. 345, 351; *Edward Rose Co.* v. *Globe & Rutgers Fire Ins. Co.* 262 Mass. 469, 472; *Landfield* v. *Albiani Lunch Co.* 268 Mass. 528), there was no error, but rather a wise exercise of discretion, in excluding the evidence offered in this case. *Yore* v. *Newton*, 194 Mass. 250. *Field* v. *Gowdy*, 199 Mass. 568, 574. *Williams* v. *Winthrop*, 213 Mass. 581. *Williams* v. *Holbrook*, 216 Mass. 239. *Farmer* v. *New York, New Haven & Hartford Railroad*, 217 Mass. 158, 160. *Trask* v. *Boston & Maine Railroad*, 219

Mass. 410, 415, 416. *Biancucci* v. *Nigro*, 247 Mass. 40. See also *Sargent* v. *Merrimac*, 196 Mass. 171, 174; Wigmore, Evidence (2d ed.) §§ 442–444. The admissibility of experiments has been held to be governed by similar considerations. *Baker* v. *Harrington*, 196 Mass. 339. *Commonwealth* v. *Buxton*, 205 Mass. 49. *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 521, 522. *Commonwealth* v. *Chin Kee*, 283 Mass. 248, 259. Wigmore, Evidence (2d ed.) § 445.

The cases, in which the exclusion of actual experience on other occasions has been held error, presented more simple and certain comparisons. Several related to the conduct of domestic animals under conditions apparently similar. *Bemis* v. *Temple*, 162 Mass. 342. *Broderick* v. *Higginson*, 169 Mass. 482. *Johnstone* v. *Tuttle*, 196 Mass. 112. In *Commonwealth* v. *Leach*, 156 Mass. 99, evidence of instances of the performance of a physical feat was held competent to contradict experts who had declared the feat impossible. The evidence held admissible in *Commonwealth* v. *Murphy*, 282 Mass. 593, did not resemble the evidence offered and excluded in the present case.

*Exceptions overruled.*