NATIONAL LAUNDRY CO. *vs.* CITY OF NEWTON.

SAMUEL COHEN *vs.* SAME.

MARTHA ROSENFIELD *vs.* SAME.

WILLIAM ROSENFIELD *vs.* SAME.

Middlesex.    November.12, 1937. — March 30, 1938.

Present: FIELD, LUMMUS, QUA, & DOLAN, JJ.

*Way*, Public: defect.    *Evidence*, Relevancy.

Evidence merely that a public way at a descending curve with an oiled
surface of the ordinary type, but not recently oiled, was slippery
when wet, and that automobiles skidded thereon, did not warrant a
finding of a defect within G. L. (Ter. Ed.) c. 84, § 15.

That a city sanded a public way after an accident from skidding of an
automobile was not evidence of a defect in the way within G. L.
(Ter. Ed.) c. 84, § 15, at the time of the accident.

Evidence of previous accidents and skidding of automobiles at the same
place on a public way was not admissible to show that the way was
defective within G. L. (Ter. Ed.) c. 84, § 15, at the time of a later
accident.

FOUR ACTIONS OF TORT.    Writs in the Superior Court
dated July 18, 1933.

Verdicts for the defendant were ordered by *F. T. Ham-
mond*, J., at the close of the plaintiffs' evidence, and the
actions were reported to this court.

*H. Silverman*, for the plaintiffs.

*E. O'H. Mullowney*, for the defendant.

QUA, J.    The first and second actions are to recover for
property damage, and the third and fourth actions for per-
sonal injuries, sustained respectively as the result of two
separate accidents, both of which could be found to have
occurred at about 8:30 to 9:00 o'clock in the morning of
July 9, 1933, at nearly the same place on Commonwealth
Avenue in the defendant city.

The principal question in each case is whether there was
any evidence for the jury of a defect in the way under G. L.
(Ter. Ed.) c. 84, § 15.

Each accident was caused by the skidding of an auto-
mobile which was being driven at a moderate rate of speed.

One automobile struck a post; the other a tree. It had been raining, and the surface of the roadway was damp or wet. No vehicle other than the automobile which skidded played any part in either accident. There was evidence that the "stretch" of roadway upon which the accidents occurred, from three hundred fifty to four hundred feet in length, had been resurfaced in May of the same year and "was different in appearance from the rest of the road"; that this section sloped down gradually; and that there was a curve, the degree of which did not appear. There was much evidence that at the time of the accident this part of the road was very slippery. One witness testified that it was "heavily oiled" and "glazed." "By that he meant the combination of oil and water." However, it has not been, and we think could not be, contended that there was fresh oil upon the surface, as in *Kelleher* v. *Newburyport,* 227 Mass. 462. No witness so testified. One of the plaintiffs testified that "There didn't seem to be anything wrong with the road except that it was wet." There was no evidence that it was improperly laid, peculiarly smooth or rough, out of repair, or in any way unusual. So far as appears it was built of ordinary materials in an ordinary manner and surfaced with oil in accordance with the present commonly prevailing practice. We think that it would be going beyond the intent of the Legislature and in conflict with the general trend of construction of this statute in the past to hold that such a roadway could be found defective merely because it became very slippery when wet. We can find nothing more in the cases now before us. *Tavano* v. *Worcester,* 287 Mass. 420, 423. *Stanton* v. *Springfield,* 12 Allen, 566. *Cannon* v. *Brookline,* 256 Mass. 468. Compare *Moynihan* v. *Holyoke,* 193 Mass. 26.

Evidence which was excluded that the city sanded the street after the accidents was not competent to prove a defect. *Manchester* v. *Attleboro,* 288 Mass. 492. Nor was there error in excluding evidence of previous accidents and skiddings at the same place. *Marvin* v. *New Bedford,* 158 Mass. 464, 466, 467. *Williams* v. *Winthrop,* 213 Mass. 581, 584. See *Guidara & Terenzio Inc.* v. *R. Guastavino Co.* 286 Mass. 502. Even if all this evidence had been admitted it

would have added little to what was already in evidence so far as concerns the existence of a defect.

In each case the entry will be

*Judgment for the defendant on the verdict.*