MARY L. ROBITAILLE *vs.* NETOCO COMMUNITY THEATRE OF NORTH ATTLEBORO, INC.

JOSEPH A. ROBITAILLE *vs.* SAME.

Bristol.   October 25, 1939. — February 26, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Evidence,* Competency.

In an action for personal injuries sustained in a fall on a stairway of the defendant's premises, where an issue was whether a thick carpet on the stairway was loose at the time of the plaintiff's fall because the tacks fastening it had pulled out, evidence that two or three weeks previously other persons had fallen at the same spot and the carpet afterwards had been found to be loose from pulling out of the tacks was inadmissible, even in the discretion of the trial judge, without evidence that the conditions existing were the same at the time of the plaintiff's fall and at the time of the previous falls.

TWO ACTIONS OF TORT.   Writs in the Superior Court dated February 15, 1932.

At the trial before *Sheehan,* J., there were verdicts for the plaintiffs in the sums, respectively, of $2,800 and $230. The defendant alleged exceptions.

The cases were submitted on briefs.

*T. F. O'Brien,* for the defendant.

*E. R. McCormick & A. J. Kinion,* for the plaintiffs.

LUMMUS, J.   The first action is brought for personal injuries by a woman who will be called the plaintiff.   The second is brought by her husband for consequential damages.   Each obtained a favorable verdict.   There was evi-

dence that while attending the defendant's theatre the plaintiff had occasion to go down stairs; that the carpet on the stairs, which was nearly half an inch thick and fastened by tacks only half an inch long, was loose, because of the pulling out of the tacks, and slipped under her feet, with the result that she fell on her back and was hurt. Witnesses for the defendant testified that the carpet was not loose but was securely fastened. The existence and dangerous nature of the alleged defect constituted, therefore, an important issue.

The judge, over the defendant's exception, admitted evidence that two or three weeks before the plaintiff's injury two girls fell at the same spot. After they fell the tacks fastening the carpet were found to have been pulled out, and the carpet was found to be loose. It was not shown that the looseness existing at that time continued until the time of the plaintiff's injury. On the contrary, the evidence was that it had been repaired in the meantime by fastening the carpet again with tacks. It will be noticed that the evidence admitted was not merely that on an earlier occasion the carpet had become loose under travel, which might have been admissible to show that the tacks used were insufficient to fasten it. The evidence admitted was of a similar fall sustained by other persons because of the loose condition of the carpet at a different time.

The admissibility of evidence of injury to others at other times by reason of the same thing that caused the plaintiff's injury, for the purpose of showing that thing to be dangerous, has often come before this court. Such evidence is open to grave objections. Its persuasive force depends upon similarity in the circumstances of different injuries, of which it is hard to be certain. Substantial identity in the alleged defective condition is only the first essential. The person who was injured at the time to which the offered evidence relates may have been defective in eyesight, feeble, or careless. The fact that he was injured may have little or no bearing upon the danger to a normal traveller. Moreover, though the same defective condition may have been present at both times, the actual causes of the two injuries may have been different. Unless a comparison of the

circumstances and causes of the two injuries is made, the injury to another is without significance. But if such a comparison is undertaken, the minds of the jurors must be diverted from the injury on trial into a detailed and possibly protracted inquiry as to injuries received by others at various times. Those injuries have only a collateral and often minor bearing upon the case. As to them the opposing party will often be ill prepared to present evidence. There is danger that a jury may disregard the real differences in the circumstances of the two incidents, and find upon mere superficial similarity that a dangerous condition existed. Similar considerations apply where evidence that other people, confronted at other times with the same alleged danger, suffered no injury, is offered to prove the want of a dangerous condition.

Very likely not all the statements, and perhaps not all the decisions, in reported cases in this Commonwealth, can be reconciled. Usually the failure to show substantial identity of the circumstances of the incident on trial with those of the incidents offered in evidence, or the danger of unfairness, confusion or unreasonable expenditure of time in trying the latter, has led to a justified exclusion of the evidence, in a wise exercise of discretion if not through the application of a positive rule of law.* In a few cases the admission of such evidence has been held erroneous, apparently on the theory that it is made inadmissible by such a rule of law. *Aldrich* v. *Pelham,* 1 Gray, 510. *Williams* v. *Winthrop,* 213 Mass. 581, 584. See also *Pettingill* v. *Porter,* 3 Allen, 349, 352.

---

* *Standish* v. *Washburn,* 21 Pick. 237. *Collins* v. *Dorchester,* 6 Cush. 396 (often considered the leading case). *Kidder* v. *Dunstable,* 11 Gray, 342. *Lewis* v. *Smith,* 107 Mass. 334, 338. *Schoonmaker* v. *Wilbraham,* 110 Mass. 134. *Merrill* v. *Bradford,* 110 Mass. 505. *Lane* v. *Boston & Albany Railroad,* 112 Mass. 455, 457–458, 462. *Blair* v. *Pelham,* 118 Mass. 420. *Peverly* v. *Boston,* 136 Mass. 366, 377. *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386, 388. *Marvin* v. *New Bedford,* 158 Mass. 464, 466, 467. *Neal* v. *Boston,* 160 Mass. 518. *Dean* v. *Murphy,* 169 Mass. 413. *Burnside* v. *Everett,* 186 Mass. 4. *Cohen* v. *Hamblin & Russell Manuf. Co.* 186 Mass. 544. *Yore* v. *Newton,* 194 Mass. 250. *Walker* v. *Williamson,* 205 Mass. 514. *Williams* v. *Holbrook,* 216 Mass. 239, 241. *Hathaway* v. *Chandler & Co. Inc.* 229 Mass. 92, 94. *Harrington* v. *Border City Manuf. Co.* 240 Mass. 170, 173. *Biancucci* v. *Nigro,* 247 Mass. 40, 43. *Guidara & Terenzio Inc.* v. *R. Guastavino Co.* 286 Mass. 502. *National Laundry Co.* v. *Newton,* 300 Mass. 126.

But where substantial identity in the circumstances appears, and the danger of unfairness, confusion or undue expenditure of time in the trial of collateral issues reasonably seems small to the trial judge, he has generally been left free to admit such evidence in his discretion. *Williams* v. *Holbrook*, 216 Mass. 239, 241. Wigmore, Evidence (2d ed.) §§ 444, 458. In *Bemis* v. *Temple*, 162 Mass. 342, the exclusion of evidence that other horses were frightened by the same flag was even held erroneous; for where the conduct of animals is concerned evidence of their habitual or occasional conduct is received more freely than in the case of human beings. *Guidara & Terenzio Inc.* v. *R. Guastavino Co.* 286 Mass. 502, 504. The recent behavior of machinery in operation may be received to show its condition. *Brierly* v. *Davol Mills*, 128 Mass. 291. *Loring* v. *Worcester & Nashua Railroad*, 131 Mass. 469. *Myers* v. *Hudson Iron Co.* 150 Mass. 125, 128. *Tremblay* v. *Harnden*, 162 Mass. 383. *Flaherty* v. *Powers*, 167 Mass. 61, 63. *Spaulding* v. *Forbes Lithograph Manuf. Co.* 171 Mass. 271, 274. *McGinn* v. *Platt*, 177 Mass. 125, 127. *Bowen* v. *Boston & Albany Railroad*, 179 Mass. 524. *Kingman* v. *Lynn & Boston Railroad*, 181 Mass. 387, 391. *Edward Rose Co.* v. *Globe & Rutgers Fire Ins. Co.* 262 Mass. 469, 472. Wigmore, Evidence (2d ed.) §§ 451, 452. The harmless or noxious character of food and other substances may be shown by the effect upon other persons similarly exposed to them. *Baxter* v. *Doe*, 142 Mass. 558, 561. *Reeve* v. *Dennett*, 145 Mass. 23, 27, 28. *Shea* v. *Glendale Elastic Fabrics Co.* 162 Mass. 463. *Johnson* v. *Kanavos*, 296 Mass. 373, 376. Wigmore, Evidence (2d ed.) § 457. Where the safety of a device or a method is in issue, evidence has been admitted that it is in common use or that other devices or methods are available. *Myers* v. *Hudson Iron Co.* 150 Mass. 125, 138. *Dolan* v. *Boott Cotton Mills*, 185 Mass. 576. *Corthell* v. *Great Atlantic & Pacific Tea Co.* 291 Mass. 242. Where the evidence is of a uniform result in a large number of instances, the objections to the class of evidence under discussion are minimized, and the evidence has been admitted; for example, that no complaint was ever received as to the

wholesomeness of many other sandwiches made from the same lot of turkeys (*Schuler* v. *Union News Co.* 295 Mass. 350, 352), or that no explosion ever occurred in a large number of oil refineries using the same process. *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234, 235. Compare *Burgess* v. *Davis Sulphur Ore Co.* 165 Mass. 71, 75; *Darling* v. *Stanwood*, 14 Allen, 504. Evidence that persons intimately associated with a plaintiff remained healthy has been admitted to show that she was not afflicted with a contagious disease. *Mountford* v. *Cunard Steamship Co. Ltd.* 202 Mass. 345, 351.

The evidence admitted in the present case could not have been lawfully admitted, even in the discretion of the judge, without a showing that the condition existing at the time when the two girls fell was substantially the same as that existing when the plaintiff fell. That was not shown. It does not appear that on the earlier occasion the tacks had been pulled out to the same extent, or that the carpet assumed the same form or had the same degree of looseness, as at the later time. The admission of the evidence was erroneous. Other questions argued need not be considered.

*Exceptions sustained.*